# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
    **Plaintiff,**

v.                                      **Criminal Action No. 1:05CR109**

**JULIOUS CEASAR PETTIS,**
    **Defendant.**

## REPORT AND RECOMMENDATION/OPINION

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. On the 9th day of January, 2006, came the United States of America and Thomas Johnston, United States Attorney for the Northern District of West Virginia, by John C. Parr, Assistant United States Attorney, and also came the Defendant in person and by his attorney, D. Luke Furbee.

Thereupon, the Court proceeded with the Rule 11 proceeding by asking Defendant's counsel what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to a One-Count Information. The Government then advised the Court that it had amended the Information to correct only the date and location of the offense charged. Counsel for Defendant then advised that he was aware of and agreed to the amendment and to the Amended Information being filed.

Counsel for the Government advised the Court that the agreement to plead guilty in this case had been reduced to a written plea agreement which the Court had counsel for the Government summarize for the Court in the presence of Defendant. Defendant's counsel stated the

summarization of the written plea bargain agreement was correct. The Court **ORDERED** the written Plea Agreement filed.

Thereupon, the Court placed Defendant under oath, and thereafter inquired of Defendant's counsel as to Defendant's understanding of his right to have an Article III Judge hear his plea and his willingness to waive that right, and instead have a Magistrate Judge hear his plea. Thereupon, the Court inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Julious Ceasar Pettis, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court.

The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

Thereupon, the Government tendered and asked leave to file the Amended One-Count Information referred to in the written plea agreement, said information charging Defendant with a single offense, that of possession of a firearm during and in relation to a controlled-substance offense, in violation of Title 18, United States Code, Section 924(c)(1).

Prior to filing said Information, the undersigned Magistrate Judge inquired of Defendant and his counsel relative to Defendant's knowledge and understanding of his Constitutional right to proceed by Indictment and the voluntariness of his Consent to Proceed by Information and of his Waiver of his right to proceed by Indictment, to which Defendant and his counsel verbally acknowledged their understanding and Defendant, under oath, acknowledged his voluntary waiver of his right to proceed by Indictment and his agreement to voluntarily proceed by Information. Defendant and his counsel executed a written Waiver of Indictment. Thereupon, the undersigned Magistrate Judge received and **ORDERED** the Waiver of Indictment and the Amended Information filed and made a part of the record herein.

The undersigned then reviewed with Defendant the Amended Information, his rights pursuant to F.R. Cr. P. 5, the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in the Amended Information, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him, and understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a period of not less than five (5) years, understood that a fine of not more than $250,000.00 could be imposed; understood that both imprisonment and fine could be imposed; understood he would be

3

subject to not more than five (5) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement dated November 28, 2005, and signed by him on December 6, 2005, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. Defendant stated he understood the terms of the written plea agreement and that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further inquired of Defendant, his counsel and the Government as to the non-binding aspects of said written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in the Amended Information, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report.

4

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Court Judge rejected Defendant's plea of guilty, Defendant would be permitted to withdraw his plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted his plea of guilty to the felony charge contained in the one-count Amended Information, Defendant would not be permitted to withdraw his guilty plea even if the Judge refused to follow the non-binding recommendations contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

The undersigned further examined Defendant with regard to his understanding of the impact of his waiver of his direct and collateral appeal rights as contained in his written Plea Agreement, and determined he understood those rights and voluntarily gave them up as part of the written plea agreement. The undersigned further determined that both parties understood they each retained the right to appeal an upward or downward departure from the advisory guidelines, but that neither retained the right to appeal a denial of an upward or downward departure.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant the One-Count Amended Information, including the elements the United States would have to prove at trial, charging him with possession of a firearm during a controlled substance offense, in violation of Title 18, United States Code, Section 924(c)(1).

The Court then received the sworn testimony of Officer Todd Forbes, and Defendant's under-oath allocution to or statement of why he believed he was guilty of the charge contained in the Amended Information.

Officer Forbes testified that he is an officer with the Monongalia County, West Virginia, Sheriff's Department, particularly assigned to the Mon Valley Drug Task Force. On June 18, 2005, officers investigated a "shots fired" incident at the residence of Defendant and his girlfriend, Misty Taylor, in Westover, West Virginia, within the Northern District of West Virginia. When they arrived at the residence, Defendant consented to a search and directed them to a firearm hidden in the back yard. Located not far from the firearm, officers discovered a quantity of what laboratory analysis determined to be ½ ounce of cocaine powder. Prior to the search, the Drug Task Force had made several controlled drug buys from Defendant. Officer Forbes further testified that the shots fired report was related to the weapon found in Defendant's back yard, but there is no evidence that the shots were fired or that the firearm was brandished during or in relation to drug trafficking.

Defendant testified he believed he was guilty of the crime charged because he did possess cocaine, and was distributing cocaine, and did possess a firearm in the same general area. He had discharged the gun and then felt guilty about that, so he took the police to the place the firearm was hidden. The cocaine was in the same general area.

From the testimony of Officer Forbes, the undersigned Magistrate Judge concludes the offense charged in the Amended Information is supported by an independent basis in fact concerning each of the essential elements of such offense. Defendant's allocution supports this conclusion.

Thereupon, Defendant, with the consent of his counsel, D. Luke Furbee, proceeded to enter a verbal plea of guilty to the felony charge contained in the Amended Information.

After having cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11, the undersigned Magistrate Judge determined that Defendant's guilty plea was knowledgeable and voluntary as to the charge contained in the Amended Information and was supported by an independent basis in fact. The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to the felony charge contained in the Amended Information herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charge as contained in said Amended Information and have sentence imposed accordingly.

The parties represented to the Court that it is their intention to consolidate this case with 1:05CR68, and to dismiss 1:05CR82. Upon further review the undersigned notes 1:05CR68 has been consolidated with 1:05CR82 by Chief United States District Judge Irene M. Keeley. Therefore, notwithstanding the undersigned's statement on the record, the undersigned **RECOMMENDS** the Court **CONSOLIDATE** 1:05CR68 and 1:05CR109 and ultimately **DISMISS** 1:05CR82.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984),

cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

It is further **ORDERED** that Defendant be continued in the custody of the United States Marshal pending further proceedings in this matter.

The Clerk of the Court is directed to send an authenticated copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 11th day of January, 2006.

/s/ *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE